IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Hendrix Z. Zikomo, a/k/a Zikomo Z. Hendrix, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>State Entities/Corporation, Brittany )<br>Scott, Courtney Rea, Teal Johnson, )<br>Henry McMaster, Magistrate Judge )<br>Hudson, Greenville County Detention )<br>Center, Greenville County and City )<br>Police, )<br>)<br>Defendants. )<br>_____ ) | Case No. 6:22-cv-03573-DCC<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's Complaint, Supplemental Complaint, and attachments alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On December 9, 2022, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without issuance and service of process. ECF No. 16. Plaintiff filed objections and a Motion for Immediate Release.[1] ECF Nos. 19, 20.

---

[1] Prior to the issuance of the Report, Plaintiff filed a Motion to Dismiss [7] and a Motion to Dismiss, Motion to Change Venue, Motion to Dismiss for Lack of Jurisdiction [14]. The Court will address these Motions below.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends summary dismissal of this action because Plaintiff's claims relying on the sovereign citizen theory are frivolous; this action is duplicative; each Defendant is entitled to dismissal; Plaintiff's request for release from custody is barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); Plaintiff's claims for injunctive relief related to his pending state criminal charges are not properly before this Court pursuant to *Younger v. Harris*, 401 U.S. 37 (1971); and Plaintiff has failed to state a claim upon which relief can be granted. ECF No. 16. The Magistrate Judge further recommends that Plaintiffs' Motions to Dismiss [7, 14] should be denied as frivolous and

2

because they are moot. Finally, the Magistrate Judge recommends that this action should be deemed a strike under the Prisoner Litigation Reform Act ("PLRA").

Plaintiff filed three objections.[2] In his first objection, Plaintiff objects to the designation of this action as a strike. Pursuant to the Fourth Circuit's recent ruling in *Pitts v. State of South Carolina,* No. 20-7250 (4th Cir. Apr. 13, 2023), the Court agrees that this action should not be deemed a strike pursuant to the PLRA. Accordingly, the Court specifically declines to adopt this portion of the Report.

In his second objection, Plaintiff states that this action is not duplicative of his prior action. He further states that Judge Austin is biased against him. The Court finds that this action is subject to summary dismissal based on the numerous other grounds put forward by the Magistrate Judge; therefore, it is unnecessary to determine whether this action is duplicative. With respect to any allegations of bias, the Court finds that Plaintiff has not requested that Judge Austin recuse herself and has not provided any support for his assertion. Therefore, these statements need not be addressed further.

In his third objection, Plaintiff takes issue with the Magistrate Judge's recommendation that any claims grounded in the sovereign citizen theory are frivolous and subject to dismissal. He seems to allege that he is bringing constitutional claims rather than sovereign citizen claims. Nevertheless, upon review of Plaintiff's filings, the Court agrees with the Magistrate Judge that many, if not all, of Plaintiff's claims are couched in sovereign citizen language and are subject to dismissal as detailed in the

---

[2] The Court thoroughly reviewed Plaintiff's Motion filed on December 15, 2022 [19] for any objections to the Report. Liberally construed, the Court found none.

3

Report. To the extent Plaintiff brings claims based upon sovereign citizen theories, the undersigned finds they are frivolous and dismisses them accordingly. Regardless, this action is subject to dismissal for additional reasons as outlined by the Magistrate Judge.

With respect to the remainder of the Report, the Court finds that Plaintiff has not specifically objected to the recommendations of the Magistrate Judge. Nevertheless, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, the Report, and the applicable law. Upon such review the Court agrees with the recommendation of the Magistrate Judge and finds that this action is subject to dismissal.

## **CONCLUSION**

Accordingly, the Court agrees with the recommendation of the Magistrate Judge except as to the designation of this action as a strike. This action is **DISMISSED** without issuance of service of process. Because Plaintiff cannot cure the defects identified above, the Court declines to automatically give him leave to amend his Complaint. Plaintiff's Motions to Dismiss [7]; to Dismiss, Change Venue, and Dismiss for Lack of Jurisdiction [14], and for Immediate Release [19] are **DENIED** as moot.[3]

---

[3] To the extent Plaintiff is attempting to obtain release from prison in any of these Motions, he may not do so in this action. *See Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

4

IT IS SO ORDERED.

                                                      s/ Donald C. Coggins, Jr.
                                                      United States District Judge

June 7, 2023
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.